IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **MARISSA D. HERMSEN,** | ) | |
| | ) | |
| **On behalf of herself and** | ) | |
| **all other persons similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Case No.: 4:11-CV-00753--BP |
| | ) | |
| **CITY OF KANSAS CITY,** | ) | |
| **MISSOURI,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY**

**COME NOW** the Plaintiffs, on behalf of themselves and all other employees similarly situated, and hereby move for Partial Summary Judgment.

In order to be exempt from the FLSA's overtime requirements, the City must prove, as a matter of law, that that paramedics and EMTs "plainly and unmistakably" have a "real responsibility" to engage in fire suppression to qualify for the firefighter exemption. However, as set forth in Plaintiffs' Suggestions in Support of their Motion for Partial Summary Judgment, it cannot be disputed that:

- EMTs and paramedics did not have the legal authority to engage in fire suppression prior to August 1, 2011.

- Firefighters have stringent physical requirements; Plaintiffs do not.

- Firefighters endure hundreds of hours of training that is essential to allow them to fight fires; Plaintiffs received 40 hours of training.

- Firefighters must demonstrate proficiency in all firefighting skills or they are not able to have a "suppression" role; Plaintiffs have no such skill test.

- Firefighters extinguish fires; Plaintiffs are trained and have the responsibility to provide fire combat support.

- Plaintiffs are not dual function firefighters.

- Plaintiffs carry no firefighting equipment or fire safety equipment.

- Plaintiffs are not allowed in the hot zone of a fire.

- Plaintiffs' primary role is providing medical support at the scene of emergencies, including fires.

- Plaintiffs rarely engage in "fire combat support". Defendant can only identify two occasions where EMTs or paramedics actually performed "fire combat support."

- The Paramedics and EMTs who are scheduled to work 40 hour weeks for defendant do receive overtime when they work more than 40 hours; the only difference between those paramedics and EMTS and Plaintiffs working 24 hours shifts is the schedule to which they are assigned.

By this Motion, plaintiffs respectfully request this Court issue an Order finding that as a matter of law current and former EMTs and Paramedics are not exempt from the right to receive overtime compensation. In support of this motion, plaintiffs are simultaneously filing a Memorandum of Law dated January 7, 2014, as well as other exhibits. Those supporting papers along with plaintiff's complaint (Docket # 1) are hereby incorporated and made a part of this motion.

Respectfully submitted,

**THE HODGSON LAW FIRM, L.L.C.**

By: */s/ Michael Hodgson*
    Michael Hodgson          MO #  63677
    *mike@thehodgsonlawfirm.com*

6 NW Main St.
Lee's Summit, MO 64063
Tel: (913) 890-3529

And

**THORNBERRY, EISCHENS & BROWN, LLC**

By: */s/ Joseph K. Eischens*
    Joseph K. Eischens       MO #44706
    Stephen C. Thornberry    MO #44354
    Randall W. Brown         MO #43805
    *joe@TEBlawfirm.com*
    *steve@TEBlawfirm.com*
    *randy@TEBlawfirm.com*

4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

A true and accurate copy of the above and foregoing was served, via the court's electronic filing system this 7th day of January, 2014 to:

Saskia Jacobse
*Saskia_jacobse@kcmo.org*
2800 City Hall
414 East 12th Street
Kansas City, Missouri 64106
ATTORNEY FOR DEFENDANT

/s/ *Michael Hodgson*
Michael Hodgson